Louis F. Futterer, Respondent, *v.* The Saratoga Association for the Improvement of the Breed of Horses, Appellant.

Third Department, November 12, 1941.

*John J. Scully,* for the appellant.

*Charles F. Saunders,* for the respondent.

Foster, J. Plaintiff was a patron at the defendant's race track at Saratoga, N. Y., on August 4, 1939, and had paid admission for a seat in the grandstand. Between the second and third races he went to the paddock. While returning to his seat, and proceeding along the main aisle of the grandstand, he claims to have been jostled and pushed with great force and violence by other patrons of the defendant through an opening into one of the private boxes which was next to the main aisle. For the injuries which he sustained as a result of this accident he has recovered a judgment of $2,000 against the defendant.

It appears that the grandstand faced generally east, and had a main aisle, about four feet wide, which ran along and parallel to the front of the grandstand. To the east of and next to the main aisle there was a row of private boxes, consisting of wooden

inclosures, with openings about three feet wide directly onto the main aisle. The floor of these boxes was thirteen inches lower than the level of the aisle. It is into one of these boxes that plaintiff claims to have been pushed.

On the day of the accident there were 6,350 people on the grounds, including those in the grandstand, club house, fieldstand, betting ring and on the lawn. There is no exact account of the number of patrons in the grandstand, which had a capacity of 3,300, but there is no evidence that it was overcrowded. For the protection and convenience of the patrons in the grandstand the defendant provided twenty-five uniformed ushers, six patrolmen and thirteen plainclothes men.

It is plaintiff's contention that when he was returning from the paddock, and walking along the main aisle to reach his seat, a crowd of from twelve to twenty men rushed along this aisle, apparently to place last minute bets. One or more of them struck him and he was thrown through the opening of one of the boxes. He also contends that a rush of last minute bettors in the manner described was a common occurrence, well known to the management of the defendant, and should have been guarded against. Specifically he asserts that the negligence of the defendant lay in failing to provide gates or chains to the box entrances, and in failing to provide proper supervision and guards in the grandstand.

Unfortunate as the accident may have been, we think the plaintiff failed to make out a case sufficient to sustain the verdict. Patrons were generally permitted the freedom of the grandstand and moved freely in and out. The sport of horse racing apparently renders this both desirable and inevitable. The ardor of those patrons who desired to place bets somewhere below the grandstand would naturally incline them at times to be impatient and hasty in their movements. To control their movements so as to prevent them from hurrying along an aisle would be impossible without a guard for every patron. A certain amount of jostling under such circumstances is an ordinary risk of attendance at such a sport. That a large group, however, would suddenly rush along an aisle in a compact body is something that defendant could hardly anticipate, and could not prevent by any ordinary means. There is no evidence that such an accident ever happened before, and the defendant of course was not obliged to anticipate the unusual and abnormal.

To prove that defendant should have placed chains or other barriers across the entrances to the boxes plaintiff produced testimony, over the objection of defendant's counsel, that chains were used across the openings of boxes in the Hawkins Stadium, a baseball park in Albany. There was no proof that conditions were at

all similar and we think that this testimony was improperly received. In any event it is not apparent that if such chains, or other barriers, had been in place that the accident would have been prevented. The proximate cause of the accident was not the lack of a barrier but the unusual jostling of an excited crowd, an event which the defendant could not have prevented by any reasonable means.

The judgment and order appealed from should be reversed and the complaint dismissed.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Judgment and order reversed on the law and facts and complaint dismissed, with costs.