Steueb, J.
Plaintiff suffered personal injuries when she fell on a stairway while a patron at the Yonkers Raceway. The theory of her complaint, supported by her proof, was that in descending the stairway she was caused to fall by reason of litter on the stairs and a push given her by another patron. She sued Yonkers Raceway, Inc., the operator of the race track (hereinafter called Yonkers) and Jules Schwartz who had a contract for the cleaning and maintenance of the track. Yonkers served a cross complaint on Schwartz and also brought in a third-party defendant, Pinkerton’s National Detective Agency, Inc. (hereinafter called Pinkerton) with whom plaintiff had a contract for policing the track. During the trial plaintiff discontinued against Schwartz. The court submitted plaintiff’s claim to the jury and also Yonkers’ complaints against the other two defendants. The jury rendered a verdict in favor of plaintiff against Yonkers and in favor of Yonkers against the other two defendants.
Of the two specifications of negligence on which plaintiff relied we find that only one invokes liability. The accident occurred in the interval between two races. At the time the patrons were largely in motion going from some parts of the premises to others. The stairway in question was crowded. It was manifestly impossible to prevent patrons from dropping papers on the stairs and equally beyond Yonkers’ power to provide for the removal of such litter at the time. There was no proof that whatever it was on which plaintiff slipped had been on the stairway for any appreciable period of time. *380 Defendant established that it had a sufficient crew of cleaners on duty and that they were at work during such periods and at such places as it was feasible for them to conduct their operations. The degree of care that the circumstances called for was exercised.
As regards the other cause of the fall, the push by another patron, it is recognized the conditions at a race track induce contacts and some jostling between patrons and as the consequences cannot be provided against, they invoke no liability (Futterer v. Saratoga Assn., 262 App. Div. 675). This, however, does not excuse defendant from doing what is reasonable under the circumstances. It was established through defendant Pinkerton’s witness that stairways are strategic points in the movement of crowds and that a police officer stationed at the head of a stairway induces a degree of caution in the users of the stairway especially in their regard for the rights of others. From the proof offered it was a reasonable conclusion that this usual and salutary precaution was not taken. From this it could well be concluded that Yonkers failed in its duty to plaintiff.
It follows that the specification of negligence for which Schwartz might ultimately be held responsible was not established and that leaving that question to the jury was error. And as plaintiff did not therefore recover against Yonkers for any dereliction for which Schwartz could be responsible the verdict over against this defendant cannot stand.
We come now to the question of Pinkerton’s liability. As the charge in that respect is one of omission rather than commission, it is not responsible to the plaintiff. As against her it is not a tort-feasor, as it owed no duty to plaintiff. Any responsiblity to Yonkers would result from its contract. The contract contains no indemnity provisions, no agreement to hold harmless or to make Yonkers whole following a claim for injuries. So recovery would have to be as damages for a breach. The difficulty so resulting is there is no sufficient proof either of a breach or of damages. The contract requires Pinkerton to supply a specified number of patrolmen and to direct their activities. There is no proof that the specified number was sufficient to have a man at every point as significant as the head of this stairway. In legal terms there was no showing that in view of the men available, the failure to have one at the place in question amounted to a failure to perform. And as to damages there is nothing from which it can be inferred that the measure of damage contemplated by the parties for ,a failure to make the best disposition of the available patrolmen *381 would be compensation for the injuries of a patron. For these reasons the cross complaint must fail.
The judgment for the plaintiff against Yonkers Raceway, Inc., should be affirmed, with costs; judgment over in favor of Yonkers Raceway, Inc., against Jules Schwartz and Pinkerton’s National Detective Agency, Inc., should be reversed, with costs, and cross complaints dismissed, with costs.
Hecht, J., concurs in opinion; Hoestadter, J., concurs in result.
Judgment affirmed, etc.