**Robert F. LESLIE, Plaintiff,**

v.

**DELAWARE RACING ASSOCIATION, Defendant.**

**Civ. A. No. 3236.**

United States District Court
D. Delaware.

Nov. 7, 1967.

John M. Bader and Sheldon N. Sandler, Wilmington, Del., for plaintiff.

F. Alton Tybout, Wilmington, Del., for defendant.

OPINION

LAYTON, District Judge.

From the depositions, answers to interrogatories and other moving papers, the uncontradicted facts of this case are found to be as follows:

On July 16, 1964, Robert F. Leslie, 70 years of age, attended a race meeting at Delaware Park at the invitation of Wilmington Trust Company. Plaintiff is an automobile dealer and did extensive loan business through the Trust Company, which, on one or more occasions had staged a luncheon at Delaware Park for the benefit of such dealers, including plaintiff.[1] On this occasion, plaintiff drove from his home in Port Deposit, Maryland, to the racetrack in the company of another automobile dealer. They arrived at Delaware Park about noon and were told that their luncheon table was upstairs. They repaired to their luncheon table where there was a bottle of liquor at each end of the table. Plaintiff had one drink and no more. He, to-

---

1. Though plaintiff had been invited in years past, this is the first occasion on which he accepted the invitation.

gether with the other guests, had luncheon and then placed bets on the Daily Double. During the course of the afternoon, he walked out to see one race, saw at least one race while sitting at the luncheon table via television and, finally, realizing that he had won a considerable sum of money on his Daily Double bet, walked out from the dining room with the intention of cashing in his tickets. Before going to the ticket booth, he paused at the head of the stairs, high up at the Park, to view the scene generally. Without warning, he felt a sharp push or punch on his shoulder and remembers nothing more until he woke up at Delaware Hospital in Wilmington. Leslie suffered reasonably serious injuries to his shoulder, ribs, etc., and his Daily Double tickets were missing. They were never found.

Plaintiff, in effect, charges that, as an invitee of the defendant, Raceway, he was entitled to normal and reasonable protection against an assault and robbery and that the defendant breached its duty to provide reasonable protection to its customers against the happening of such an event.

Plaintiff is unable to name a single individual or person who saw the happening complained of.[2] Thus, it is unlikely that any further evidence could be produced at the trial. The record is devoid of any allegations as to the size of the crowd, type of protection offered by way of guards, etc., or any other facts from which it could be deduced that for an institution such as Delaware Raceway and the crowds normally present there, the guard service was inadequate.

Three possible inferences can be drawn from the facts. First, it could be deduced that plaintiff was slightly intoxicated and lost his balance while standing at the head of the steps. Under this set of facts, there could be no possible liability. Secondly, it can be deduced that plaintiff, standing at the head of a rather steep stairway, was jostled by a person or persons forming the extensive crowd at the Raceway and, as the result of a push of this nature, fell, was injured and the tickets lost in the resulting confusion. Under such circumstances, this Court can see no possible liability on the part of the defendant. It is not claimed that the stairs were dangerous, in disrepair or littered. Certainly, a spectator at any sports event can scarcely argue successfully that he is entitled to be free of the normal pushing and shoving to which anyone must be subjected under such circumstances.[3] Thirdly, it can be deduced that while standing at the place in question, plaintiff was assaulted and robbed of his tickets to the Daily Double.

The most favorable inference which can be drawn from these facts is the third just recited. The Court concedes, arguendo, that one who invites the public to attend sports events on his premises, has a duty to provide reasonable protection against the possibility of an assault and robbery or other harm, to its invitees. Restatement of Torts (2d) § 344. Paranzino v. Youngers Raceway, Inc., 9 Misc.2d 378, 170 N.Y.S.2d 280. However, the mere fact that the plaintiff may have been assaulted and that he awoke without his winning tickets is not in itself sufficient to make out a prima facie case of failure to provide reasonably adequate protection. Plaintiff's position that the assault and robbery could not have occurred absent negligence, amounts to nothing more than a contention that the principle of res ipsa loquitur is applicable here, which, clearly it is not. From affidavits and

---

**2.** A Delaware Racing track employee testified on deposition that at the time and approximate place where plaintiff claimed to have been, he saw a man starting to descend the steps in a wobbly and uncertain fashion, slip and fall.

**3.** Actually, plaintiff's statement that he was standing at the head of the stairway

contemplating the scene negatives the idea that he was jostled by someone in a large crowd using the stairway. Moreover, plaintiff makes no contention that the crowd was unruly or particularly boisterous.

other papers, plaintiff is required to show facts raising an inference of negligence against defendant. For instance, through discovery devices and other means he might have been able to demonstrate that the crowd present that day was very large, the number of guards small in relation to the crowd and, perhaps, that other similar robberies had occurred at the Park on prior occasions. But the record is wholly devoid of such facts.

Viewing the facts as the plaintiff alleges them to be and drawing any reasonable favorable inference from them, the Court is unable to find anything in the record which would point to liability on the part of the defendant here.

Defendant's motion for summary judgment is granted.