285 So.2d 591 (1973)
Mrs. Mary BONANNO, widow of Salvadore Bonanno
v.
CONTINENTAL CASUALTY COMPANY.
No. 5818.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Zelden & Zelden, Max Zelden, New Orleans, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Francis G. Weller, New Orleans, for defendant-appellee.
Before GULOTTA and BOUTALL, JJ., and WICKER, J. Pro Tem.
GULOTTA, Judge.
This is an appeal from the dismissal of a direct action against a charitable organization's insurer for injuries received from an incident which occurred on November 2, 1968, while plaintiff, an 84 year old woman, was going through a "haunted house" operated for an annual Halloween Charity. Plaintiff was accompanied by her daughter-in-law, granddaughter, and other family members.
The facts are that two vacant houses in the City of New Orleans were made to take on an appearance of a haunted house. The rooms of both houses were decorated with ghosts, goblins, coffins and various other Halloween paraphernalia, so designed to frighten or startle the patrons. There were also accompanying sound effects which one would except at such a carnival. An admission charge was made for each who entered. Patrons entered the first of *592 the two houses and made their way in single or double file from room to room, while viewing the various exhibits as they proceeded. They exited the first house, proceeded through a cemetery area provided by a yard separating the two houses and into the second house. The final room which the patrons visited was known as the "Devil's Den." It was in this room that plaintiff was injured. As is to be expected, the light inside the room was dim. While everyone gazed toward the make-believe devil's den, a person disguised as the devil was mechanically projected approximately six to ten feet into the room on an overhead track. Plaintiff was either jostled (plaintiff's version) to the floor by the estimated 25 patrons in the room, or she fell (defendant's version) in trying to get away from the area when the "devil" was projected into the room.
Plaintiff claims that the failure to provide employees in the "Haunted House" to supervise and to police the movement of the patrons constituted negligence. We find no merit to this contention. The trial judge, in written reasons, made the following conclusions of fact:
"There were at least three members of the sponsoring group stationed at the entrance to the "Devil's Den" to limit the number of people who went in. There was also a special policeman on duty inside to control the movement of guests in and out. The room was of spacious dimensions, and no more than approximately 20 people were allowed in the room at any given time."
The record supports these factual determinations. Nevertheless, it is clear in the instant case that plaintiff's assumption of the risk in going through this attraction bars her recovery. Particularly is this true since there is no claim or suggestion that the defective condition of the premises or unforeseen event caused the accident, other than the jostling by the young patrons.
Whether Mrs. Bonanno fell as a result of being jostled by the crowd or in a frightened attempt to get away from the "devil" is unimportant. She obviously had knowledge that she could anticipate being confronted by exhibits designed to startle and instill fear. She had to realize that the very nature of the attraction was to cause patrons to react in bizarre, frightened and unpredictable ways. It would be inconsistent in this case for this court to allow plaintiff to recover for damages which resulted from her being frightened, precisely the effect that the "Haunted House" was calculated to produce.
Plaintiff obviously assumed the risk of being frightened, jostled and pushed about when she entered the attraction. The instant matter is analogous to the case of Scott v. Fair Grounds Corporation, 112 So.2d 763 (Orl., La.App.1959) in which the court held that a certain amount of jostling was an ordinary risk of attendance at a horse race. This reasoning is valid in the instant case.
Accordingly, the judgment is affirmed.
Affirmed.