615 So.2d 1114 (1993)
Janet Katsanis, Wife of/and Eugene KATSANIS, Individually and on Behalf of Their Minor Children, Marc Katsanis, Kristi Katsanis and Candace Katsanis, Plaintiffs-Appellees/Cross-Appellants,
v.
STATE FARM GENERAL INSURANCE COMPANY, Fairfield Properties Partnership, Kenner Market Place Partnership, Winn-Dixie, Louisiana, Inc., Thomas J. Ward, Pamela S. Ward, Franklin C. Gatlin, III and Kerry R. Bentin, Defendants-Appellants.
No. 92-CA-951.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
Writ Denied May 14, 1993.
*1116 S. Michael Cashio, Kenner, for plaintiffs-appellees/ cross-appellants.
Joseph R. Ward, Jr. and Raymond A. Pelleteri, Jr., Ward & Clesi, New Orleans, for defendants/appellants.
GRISBAUM, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This matter arises out of an action for damages sustained by plaintiff, Janet Katsanis, as a result of a slip and fall in the parking lot of the Market Place in Kenner. After a trial on the merits the jury rendered judgment in favor of plaintiffs and against defendants, Kenner Market Place Partnership and its insurer, State Farm. Both the defendants and the plaintiffs have appealed that judgment.

FACTS
On the afternoon of December 23, 1989 Janet Katsanis decided to go to the Winn Dixie store near her home in Kenner to purchase the items necessary for a traditional Christmas Eve dinner she planned to prepare for her family. Normally that would be an errand she would attend to alone. However, on that particular day she requested that her husband, Eugene, accompany her because of the unusual weather conditions. December 22, 1989 brought a rare occurrence to the city in the form of snowfall. The snow and ice from the previous day's precipitation still blanketed the area and driving conditions were hazardous.
When the Katsanises pulled into the parking lot of the shopping center in which Winn Dixie leases space, it was crowded, forcing them to park near the back of the lot. As they walked to the store entrance they noticed snow and ice scattered around the lot. As they drew nearer the store entrance they observed that the entire roadway in front of the store was covered with a solid sheet of ice. Mrs. Katsanis testified that the area was slippery and she saw cars slipping and sliding in that area. Consequently, she and her husband were very careful traversing that surface but "managed to get in the store."
After purchasing the necessary items in the store, Mr. and Mrs. Katsanis emerged and it was decided that Mr. Katsanis would push the basket of groceries to the car and load them, while Mrs. Katsanis waited behind to avoid the bitter cold.
Mrs. Katsanis testified that she came out of the store behind her husband. She was afraid to cross the roadway access to the parking lot which runs in front of the store because it was still a solid block of ice. She was concerned that a vehicle coming along would be unable to stop on the ice. When she felt it was safe to cross she ventured out on to the roadway, slipped on the ice, and fell in the middle of the street. Mrs. Katsanis testified that she was unable to get up so she called out to her husband who returned to assist his wife.
As a result of the fall Mrs. Katsanis suffered a fractured elbow, and a severely fractured hip which required a hip replacement surgery.
There was testimony from Mrs. Katsanis, her husband and two other shoppers that the parking lot was covered with ice and snow, and no effort to remove the ice or warn of its danger was apparent. Thomas Ward, who owns the Kenner Market Place acknowledged that the lease he entered into obliged him to maintain the common areas, including the parking lot. He further acknowledged that, pursuant to a clause in the lease, he was responsible for snow and ice removal. Mr. Ward admitted that none of his employees inspected the parking lot or made any attempt to salt the lot, remove the snow and ice or post warning signs. Mr. Ward testified that he was also in the construction business and knew that it would take several days to receive the amount of sand or salt necessary to deice a 200,000 square foot parking lot.
After hearing all of the evidence, the members of the jury found Winn Dixie free from negligence. They found Kenner Market Place, as landowner and lessor, negligent, and assigned 75% of fault to it. The plaintiff, Janet Katsanis, was also deemed *1117 negligent and assigned 25% of the fault. Damages were assessed as follows:

Past Medical Expenses: 9,000.00
Past and future physical pain
 and suffering: 90,000.00
Past and future mental anguish
 and distress: 0.00
Future medical expenses: 80,000.00
Permanent disability and loss
 of enjoyment of life: 30,000.00
Loss of past wages: 0.00
Loss of future wages and
 wage earnings capacity 85,000.00
 TOTAL AWARD: $294,000.00

The jury assigned the following awards for damages:

For Eugene Katsanis:
Loss of Consortium: $0.00
For Marc Katsanis:
Loss of Consortium: $0.00
For Kristi Katsanis:
Loss of Consortium $0.00
For Candace Katsanis:
Loss of Consortium $0.00

After adjusting the damage award for the 25% assigned to the plaintiff the court rendered judgment against Kenner Market Place Partnership and its insurer, State Farm Insurance Co., in the amount of $220,500.00 plus costs and fees.
On appeal defendants assert that the jury was incorrectly charged with the law erroneously placing a presumption of negligence on Kenner Market Place Partnership. Thus, the defendants argue, the manifestly erroneous standard of review is inapplicable and they request a de novo review of the facts.
Plaintiffs dispute those arguments and assert that the jury verdict was manifestly erroneous in its assessment of damages, in the finding that Janet Katsanis is 25% negligent, and in finding Winn Dixie not liable.
We address defendants' arguments first. The portion of the jury charge defendants find objectionable is as follows:
The duty of store owner to protect customers from foreign substances is one of reasonable care under the circumstances. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. A storekeeper has the duty to keep his parking lot in a reasonably safe condition. He must take reasonable protective measures, including periodic inspections, to keep the parking lot free from substances which may cause customers to fall. This duty also includes warning persons of known dangers. However, a store owner is not required to warn customers of an obvious hazard on the parking lot. When plaintiff proves she slipped and fell on a foreign substance or because of a dangerous condition, the burden of proof shifts to the defendant to exculpate itself from presumption that it was negligent. When an accident occurs in a store's parking lot, the defendant store owner overcomes the presumption of negligence by showing adequate cleanup measures or that the accident victim was not using reasonable care. A patron of a store has an increased duty of awareness outside of a store and must use reasonable care to avoid obvious hazards. A store owner may exculpate himself from the presumption of negligence following a slip and fall by a customer upon showing that adequate cleanup measures were taken, or that the customer was not using reasonable care to avoid obvious hazard.
At the trial defense counsel objected to that portion of the jury charge by stating:
And for the defendant, Your Honor, on page five, the Court gives a charge that in a parking lot slip and fall, the parking lots adjacent to and used by the supermarket, that the burden of proof shifts, and that there is a presumption of negligence once the plaintiff proves she slipped on a hazardous substance, or a foreign substance. I realize that some case law was produced on that point; however, I am not satisfied that is the law of this circuit. I would raise an objection and argue that if that is the law, then the law is not reasonable and should be changed. I believe there is a good faith argument there for an extension, or modification of the law, particularily *1118 in this case where we are not dealing with a puddle of oil or some true foreign object, we are dealing with snow and ice that accumulated within a twenty-four hour period. Other than that, Your Honor, the charges and the verdict interrogatories are acceptable.
On appeal defendants also argue that the charge on slip and fall in a parking lot is incorrect in this instance because Kenner Market Place Partnership is the landowner, not the merchant. However, it is clear that this argument was never presented to the trial judge. Defense counsel's objection to jury charges at the trial court level was based on the ground that the law on slip and fall in parking lots as it applies to merchants was stated incorrectly. There is no indication in the record that counsel, who was representing both Winn Dixie as the merchant and Kenner Market Place as the landlord, objected to the application of the general principles of slip and fall cases to a landlord.
C.C.P. art. 1793 provides that, absent a specific objection to a jury charge accompanied by grounds for that objection, the right to assign improper jury charges as error is waived. While defense counsel objected, his objection related to the law as it relates to the store owner, i.e. Winn Dixie. He made no objection to the charge as it related to the landowner. Nor did he request that specific instructions as to the liability of Kenner Market Place as the landlord be given. Consequently, we find that the argument of improper jury instructions as to Kenner Market Place is waived. Further, discussion of the charge as it relates to Winn Dixie is moot since the jury found Winn Dixie free from fault.
The standard of review applicable in this matter is that a finding of fact by the jury should be upheld unless it is clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Rosell v. Esco, 549 So.2d 840 (La. 1989).
At trial the undisputed evidence shows that Mrs. Katsanis fell in the roadway of the parking lot after slipping on a solid sheet of ice which was clearly visible. It has also been shown by testimony and documentary evidence that Kenner Market Place Partnership owns the entire shopping center consisting of about thirteen separate stores, including Winn Dixie, as well as a 200,000 square foot parking lot which services those stores. Winn Dixie leases store space from Kenner Market Place. As a condition of that lease Kenner Market Place is responsible for maintenance of the parking lot including snow and ice removal, but did nothing to remove or warn of the hazard.
We believe the jury found that the plaintiff fell on ice in the parking lot which Kenner Market Place owns and is responsible for maintaining. We find no manifest error in this finding of fact. We also believe that the jury's finding that Winn Dixie was not liable is reasonable, given the testimony that Mrs. Katsanis was well beyond the leased premises of the store when the accident occurred.
Defendant argues that Kenner Market Place is not liable to plaintiff pursuant to LSA-R.S. 9:2800.6. That statute, which codifies the law in slip and fall cases, clearly applies only to store owners. We agree. The statute explicitly states:
"Merchant" means one whose business is to sell goods, foods, wares or merchandise at a fixed place of business.
We do not find authority to extend that statute beyond the legislature's clear definition to include landowners. See Reynolds v. St. Francis Medical Center, 597 So.2d 1121 (La.App. 2 Cir.1992). Consequently, we conclude that the standard for determination of liability of Kenner Market Place as landowner was set forth in Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406, 409 (La.1976). In that case the Supreme Court held:
Liability of a landowner under circumstances such as those involved in the instant case is based on the concept of fault under Article 2315 and 2316 of the Louisiana Civil Code. In order to determine whether liability exists under the facts of a particular case, this Court has adopted a duty-risk approach. Hill v. *1119 Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962). See Robertson, Reason Versus Rule in Louisiana Tort Law: Dialogues on Hill v. Lundin & Associates, Inc., 34 La.L.Rev.1 (1973).
It is well settled that for alleged wrongful conduct to be actionable negligence it must be found to be a cause in fact of the resulting harm. Jones v. Robbins, 289 So.2d 104 (La.1973); Dixie Drive It Yourself System v. American Beverage Company, supra., Mixon v. Allstate Insurance Co., 300 So.2d 232 (La.App. 2d Cir.), writ refused, 303 So.2d 179 (La.1974). This determination of whether the conduct complained of bears a causal connection in fact to the occurrence of the accident is properly made without reference to those policy considerations required when ascertaining liability by the duty-risk approach. Thus if the plaintiff can show that he probably would not have suffered the injury complained of but for the defendant's conduct, he has carried his burden of proof relative to cause in fact. See Stewart v. Gibson Products Company of Natchitoches Parish Louisiana, Inc., 300 So.2d 870 (La.App. 3rd Cir.1974); Malone, Ruminations on Dixie Drive It Yourself versus American Beverage Company, 30 La.L.Rev. 363 (1970).
. . . . .
A finding that defendant's conduct was the cause in fact of plaintiff's injury, however, does not establish liability. In addition, we are required to ascertain whether the landowner breached a legal duty imposed to protect against the particular risk involved. Smolinski v. Taulli, 276 So.2d 286 (La.1973); Hill v. Lundin & Associates, Inc., supra; Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971); Page v. Green, 306 So.2d 847 (La.App. 2d Cir.1975). In making this determination, the following inquiries must be made: (1) What, if any, duty was owed by the landowner to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Jones v. Robbins, supra; Thomas v. Hanover Insurance Co., 321 So.2d 30 (La.App. 3rd Cir.1975).
The test has been succinctly stated to be whether an owner has acted as a reasonable man in the management of his property, in view of the probability of injury to others. Shelton v. Aetna Casualty and Surety Company, supra; Walker v. Union Oil Mill, Inc., 369 So.2d 1043 (La.1979). The property owner's duty is to act reasonably in view of the probability of injuries; he is not the insurer of his premises. Langley v. Oxford Chemicals, Inc., 559 So.2d 520 (La.App. 2 Cir.1990).
While the element of causation was met with undisputed testimony that alone does not establish liability since we must now inquire whether the landowner breached a legal duty imposed to protect this plaintiff against the particular risk involved.
In the instant case the landowner had an acknowledged duty to keep the parking lot clear of snow and ice. He made no attempt to meet that duty. Thus, we cannot say the jury's finding of liability was clearly wrong.
Both parties argue that the assessment of fault under comparative negligence is in error. Plaintiff contends she is not at fault. Defendant argues that the hazard of the ice was obvious to the plaintiff and she chose to walk over it despite the danger, making her degree of fault absolute. In Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La.1988) at 1136 this issue was addressed and explained as follows:
Again, this is not to say that a duty is owed or breached in all situations that involve injury. We have held, for example, that the duty which a landowner owes to persons entering his property is governed by a standard of reasonableness, and that a potentially dangerous condition that should be obvious to all comers is not, in all instances, unreasonably dangerous.

*1120 However, the key to a finding of no liability in such cases is not the plaintiff's subjective awareness of the risk, but the determination that the defendant did not act unreasonably vis-a-vis the plaintiff, or injure the plaintiff through the instrumentality of an unreasonably dangerous thing in his custody. The determination of what the plaintiff knew regarding the risk of injury is made after fault on the part of the defendant has been established, and is governed by the comparative fault principles enunciated in La. Civ.Code art. 2323.
(citations omitted)
The jury properly considered the fact that the plaintiff voluntarily crossed the icy parking lot under the principles of comparative fault. Those principles dictate that a trier of fact must consider both the nature of the conduct of each party and the extent of the causal relation between the conduct and the damages. Watson v. State Farm Fire and Cas. Ins. Co, 469 So.2d 967 (La.1985). Our review of the jury's determination of percentage of fault is governed by the manifest error/clearly wrong standard. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991); Smith v. Louisiana Farm Bureau Cas. Ins., 603 So.2d 199 (La.App. 3 Cir.1992). Under that standard we cannot say the jury was in error in assessing 25% of the fault to the plaintiff, given the circumstances of this case.
Further, we have reviewed the testimony of the experts as well as the documentation concerning the damages sustained by the plaintiff. We find that the award for past medical expense is clearly wrong and we award the sum of $40,046.21. We find no other error in the jury award of damages to the plaintiff. Nor do we find error in the jury's failure to award damages for loss of consortium for the plaintiff's family members.
For the foregoing reasons the jury's award for past medical expense is changed from $9,000 to $40,046.21. In all other respects the judgment is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.