_[iBYRNES, Judge.
On October 11, 1990, the plaintiff, Louis Crovetto, was injured at the New Orleans City Park Driving Range when he was struck in the head by a golf club that flew out of the hands of Arthur Tucker, Thomas Tucker’s minor son. Crovetto sued Thomas Tucker, Tucker’s insurer U.S.F. & G., the New Orleans City Park Improvement Association, the Office of Risk Management,[1] and Jimmy Self, Jr.
On motion for summary judgment, the trial court dismissed plaintiffs claims against City Park and Tucker. Plaintiffs motion for new trial was granted as to Tucker and his insurer, but was denied as to City Park. Plaintiff appeals the judgment dismissing his claim against City Park.
On the day he was injured, Crovetto accompanied Wade Beaumont to the City Park driving range to offer advice as Crovetto could be considered a golfing expert. Each tee is in a booth. Two booths over from where Crovetto |2and Beaumont were practicing, Arthur Tucker was receiving a golf lesson from Mr. James Self.[2] While executing a swing, a golf club apparently slipped out of Arthur’s hands, ricocheted off the roof of the driving stall, striking Crovetto in the head two stalls over.
Plaintiff is entitled to a de novo review applying the standards set forth in Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). A motion for summary judgment is not to be used as a substitute for a trial on the merits. Downtown Parking Service, Inc. v. Hyman, 93-1803 (La.App. 4 Cir. 3/15/94), 635 So.2d 282 writ denied, 94-1519 (La. 9/23/94) 642 So.2d 1298; and Oller v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4 Cir.1984). The fact that a party is unlikely to prevail at a trial on the merits is an insufficient basis for rendering a summary judgment against that party. Chapeuis v. Cassimano, 568 So.2d 606 (La.App. 4 Cir. 1990), writ denied 571 So.2d 629 (La.1990).
Where there is no duty on the part of the defendant to protect the plaintiff from the risk involved, there can be no liability under a duty/risk analysis. Roberts v. Benoit, 605 So.2d 1032, 1051 (La.1991). Duty is a question of law. Roberts at 1043. The scope of the duty is ultimately a question of policy as to whether the particular risk falls within the scope of the duty. Roberts at 1044.
Assuming that the accident occurred just as plaintiff alleges it did (which eliminates any complaint plaintiff may have about genuine issues of material fact), this Court finds no duty on the part of City Park to prevent this type of |3freak accident. City Park is not an insurer of the plaintiffs safety. A duty is not owed or breached in all situations that involve injury. Murray v. Ramada Inns, Inc., 521 So.2d 1123, 1136 (La.1988). City Park did not act unreasonably vis-a-vis the plaintiff. Id.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. The Office of Risk Management was dismissed from this suit on April 24, 1991. It no longer plays any part in these proceedings.

. Self was named as a defendant. There is no evidence of service in the record. The record does not reflect any participation by Self in the proceedings below.