668 So.2d 1207 (1996)
Deborah MAYS
v.
GRETNA ATHLETIC BOOSTERS, INC.
No. 95-CA-717.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1996.
George B. Recile, New Orleans, for plaintiff, appellant.
W.J. LeBlanc, Jr., Molaison & LeBlanc, Gretna City Attorney, Gretna, for defendant, appellee.
Before BOWES and WICKER, JJ., and CHIASSON, J. Pro Tem.
*1208 REMY CHIASSON Judge Pro Tem.
Deborah Mays, plaintiff, appeals the trial court judgment rejecting her claim of liability on the part of defendant, Gretna Athletic Boosters, Inc., for injuries plaintiff received when she ran into a brick wall inside of a Halloween haunted house operated by defendant. We affirm.

FACTS
Defendant operated a haunted house at Mel Ott Playground in Gretna to raise money for athletic programs. The haunted house was constructed of 2x4s and black visqueen. There were numerous cubbyholes where "scary" exhibits were displayed. One booster club member was stationed at the entrance and one at the exit. Approximately eighteen people participated in the haunted house by working the exhibits inside. Near and along the entrance of the haunted house was a bathroom building constructed of cinder blocks. Black visqueen covered this wall.
Plaintiff and her daughter's friend, about 10 years old, entered the haunted house on October 29, 1988. It was night time and was dark inside. Plaintiff testified someone jumped out and hollered, scaring the child into running. Plaintiff was also frightened and began to run. She ran directly into the visqueen-covered cinder block wall.
There was no lighting in that part of the haunted house. Plaintiff hit the wall face first and began bleeding profusely from her nose. She testified two surgeries were required to repair her nose.

ACTION OF THE TRIAL COURT
The trial was bifurcated and only the issue of liability was before the court. The court found defendant had "no duty to protect Mays from her reacting in `bizarre, frightened and unpredictable ways' because that is the expected response and the reason for going to the haunted house. Additionally, the court found that Gretna Athletic Boosters provided adequate personnel and supervision for patrons entering the house and the rooms were adequate size." Thus, judgment was rendered in favor of Gretna Athletic Boosters, Inc. finding no liability on its part.
On appeal, plaintiff contends the trial court erroneously relied on the doctrine of assumption of the risk in rejecting plaintiff's demands. In support, she notes that the trial court cited the case of Bonanno v. Continental Casualty Co., 285 So.2d 591 (La.App. 4th Cir.1973), which held the doctrine of assumption of the risk precluded Bonanno from recovering for injuries she received in a haunted house accident.
Defendant contents the trial court properly utilized the duty/risk analysis as set forth in Murray v. Ramada Inns, Inc., 521 So.2d. 1123 (La.1988) and that Bonanno was cited to support the proposition that plaintiff's reaction is the expected and natural reaction to an attraction designated to frighten participants. Finding that the defendant did not breach a duty owed to plaintiff, the trial court, according to defendant, properly found defendant not liable.

ANALYSIS
It is well settled that assumption of the risk is no longer a valid defense under Louisiana law and that the plaintiff's knowledge and conduct are considered only to determine the extent of his comparative negligence. Murray, supra; Katsanis v. State Farm General Ins. Co., 615 So.2d 1114 (La. App. 5th Cir.1993); DeStevens v. Harsco Corp., 94-1183 (La.App. 4th Cir. 3/16/95) 652 So.2d 1054. Thus, as set forth in Murray, a duty/risk analysis is first used to determine if the defendant is liable to plaintiff. Where there is no duty on the part of the defendant to protect the plaintiff from the risk involved, there can be no liability under a duty/risk analysis. Roberts v. Benoit, 605 So.2d 1032 (La.1991); Crovetto v. New Orleans City Park Improvement Assoc., 94-1735, (La.App. 4th Cir. 3/29/95) 653 So.2d 752. The scope of the duty is a question of law and based on policy questions as to whether the particular risk falls within the scope of the duty. Roberts, supra; Crovetto, supra. The key to a finding of no liability is not the plaintiff's subjective awareness of the risk, but the determination that the defendant did not act unreasonably vis-a-vis the *1209 plaintiff, or injure the plaintiff through the instrumentality of an unreasonably dangerous thing in his custody. Murray, supra; Broussard v. CNA Ins. Co., 628 So.2d 1267 (La.App. 3d Cir.1993); Katsanis, supra.
As in premises used for athletic events, the owner or occupier of a Halloween haunted house is not the insurer of those participating in the event nor is he required to eliminate every source of the possibility of danger. Pool v. City of Shreveport, 607 So.2d 861 (La.App.2d Cir.1992); Shipley v. Rec. & Park Com'n for EBR, 558 So.2d 1279 (La.App. 1st Cir.1990) writ denied 565 So.2d 947 (La.1990). A party's obligation to participants is to maintain the premises in a fashion commensurate with ordinary and reasonably care. Pool, supra., Shipley, supra.
Plaintiff argues covering a brick wall with black visqueen in a dark haunted house is an unreasonably dangerous condition which defendant had a duty to prevent plaintiff from running into. We disagree. The very nature of a Halloween haunted house is to frighten its patrons. In order to get the proper effect, haunted houses are dark and contain scary and/or shocking exhibits. Patrons in a Halloween haunted house are expected to be surprised, startled and scared by the exhibits but the operator does not have a duty to guard against patrons reacting in bizarre, frightened and unpredictable ways. Operators are duty bound to protect patrons only from unreasonably dangerous conditions, not from every conceivable danger.
As found by the Trial Court, defendant met this duty by constructing the haunted house with rooms of adequate size and providing adequate personnel and supervision for patrons entering the house. Defendant's duty did not extend to protecting plaintiff from running in a dark room into a wall. A duty is not owed or breached in all situations that involve injury, Murray, supra., Crovetto, supra., but only those situations that are unreasonably dangerous.
Our review of the entire record herein does not reveal manifest error committed by the Trial Court or that the Trial Court's decision was clearly wrong. Plaintiff has not shown the haunted house was unreasonably dangerous or that defendant's actions were unreasonable. Thus, the Trial Court judgment must be affirmed, Lewis v. State through Dept. Of Transp. and Development, 94-2370 (La. 4/21/95) 654 So.2d 311.

DECREE
For the foregoing reasons, the Trial Court judgment is affirmed. Cost of this appeal is taxed to appellant.
AFFIRMED.