SUSAN M. CHEHARDY, Judge.
l2The plaintiff appeals a summary judgment that dismissed his suit arising from injuries he sustained while working. We affirm.
FACTS
On April 27, 2006, Larry “Brother” Fluence was employed by Fleming Construction Company (“Fleming”), which was laying asphalt in the parking lot of Marshall Bros. Lincoln-Mercury, Inc. (“Marshall Bros.”), a car dealership in Metairie, Jefferson Parish. Labiche Plumbing, Inc. (“Labiche”), a plumbing contractor, had installed a new drainage system at Marshall Bros., and a four-foot-deep drain opening had been left uncovered. As Flu *712 ence walked across the parking lot, he fell into the uncovered hole and suffered injuries, including a herniated lumbar disc that required surgery.
Fluence filed suit against Marshall Bros, and Labiche, asserting they were hable for a dangerous condition that resulted in his injury.[1] Both Marshall Bros, and Labiche filed motions for summary judgment, asserting they had breached no duty to the plaintiff and that the hole did not present an unreasonable risk of harm. They argued the plaintiff knew his work crew was there to lay asphalt around the new drainage system, and he had seen the hole earlier in the day, so he was aware |sthe hole was there. They argued that the hole could be seen from at least 20 feet away, so it was not a hidden defect, and plaintiffs walking backward toward the open and obvious hazard as he worked was an assumption of the risk. Further, the plaintiffs job that day was to assist in laying asphalt over the drainage system that had been installed by Labiche. The defendants contended that Fleming had been hired to work on that particular property, and Fleming had garde of it during the process, giving Fleming the responsibility for maintaining a safe worksite for its employees.
The plaintiff admitted he saw the open drain when he arrived for work, but said he forgot about it during the course of the day while working in another area of the jobsite. Later that day, as he was moving backward to smooth freshly-poured asphalt, he fell into the open drain. The plaintiff argued that the hole may have been open and obvious, but was not apparent to a worker whose job duty was to walk backwards smoothing off the newly-laid asphalt. The plaintiff conceded he may have had some responsibility, but stated the issue is the comparative fault of the parties, which the plaintiff asserted is a contested factual issue that should be determined by a jury.
The trial court ruled from the bench, stating, “I think in his deposition he said that he was aware that it was there, and as sympathetic as I may be to the plaintiff and his cause, I feel I’ve got to grant their motion for summary judgment....”
ARGUMENTS ON APPEAL
On appeal the plaintiff contends the trial court erred by granting the motions for summary judgment, because there are genuine issues of material fact as to whether the defendants breached their duties to the plaintiff. The plaintiff asserts Marshall Bros, failed in its duty to protect invitees from unsafe and unreasonably |4dangerous conditions, and to warn innocent invitees of existing hazards. The plaintiff asserts Labiche failed to properly supervise its employees, failed to timely replace the drain cover, failed to warn, and failed to mark off the area with yellow tape or to employ some other proper warning procedures.
Further, the plaintiff argues the trial court erred in not applying the comparative fault doctrine. The plaintiff contends that allocation of fault is a matter for the jury, and that the test for liability applicable to Labiche, as contractor hired to install drains, is different from the test for liability applicable to Marshall Bros, as landowner. The plaintiff contends that the facts and circumstances justify a finding of fault against the defendants, Marshall Bros, and Labiche.
The plaintiff argues that if fault is imputed to him based on the simple fact that he knew of the uncovered drain, the same *713 knowledge should be assessed against La-biche because it was Labiche’s employees who removed the drain cover. Similarly, Marshall Bros, had legal control of the area and its employees traversed the area while attending to customers, so the plaintiff argues Marshall Bros, should be deemed to have had constructive notice of the condition. Hence, if fault is imputed to the plaintiff based on the “open and obvious danger” doctrine, the plaintiff asserts the doctrine should be universally applied to all parties involved. The plaintiff contends these factors, at a minimum, establish that material issues of law and fact exist, requiring reversal of the summary judgment.
In opposition to the appeal, Marshall Bros, asserts that the plaintiff and his statutorily-immune employer are collectively 100 percent at fault for this accident. The plaintiff was not working alone, but was part of a seven- or eight-worker crew. The plaintiff admitted that when he arrived for work in the morning, he noticed the uncovered drain; several hours later, he had forgotten about it and stepped into it while walking backwards and shoveling asphalt. Marshall Bros, contends the duty Uto provide the plaintiff with a safe workplace belonged to his employer, Fleming. Fleming could have stationed one of its employees as a lookout while the plaintiff was walking backwards to perform his job. Marshall Bros, argues that the plaintiff was actively working as part of a crew to lay asphalt around the drain, and therefore Marshall Bros, had no duty to ensure he did not injure himself in his workplace, or to remind him of a hazard of which he already was aware. Marshall Bros, urges us to affirm the summary judgment on the ground the uncovered drain did not present an unreasonable risk of harm to this plaintiff.
Labiche also opposes the appeal, arguing the trial court did not err in granting summary judgment because the hole was open and obvious and did not constitute an unreasonably dangerous condition, especially to a construction worker who was working to fill in the holes in the area and knew of the hole’s existence prior to the accident. Labiche asserts that only situations that produce an unreasonable risk of harm or an unreasonably dangerous defect should expose a defendant to liability. La-biche contends the trial court properly considered the law and evidence in determining there was no evidence that Labiche is not liable for an injury caused by an open and obvious condition that the plaintiff observed and of which he was aware before the accident.
LAW AND ANALYSIS
Summary judgment is appropriate when the pleadings, depositions, and affidavits show there is no genuine issue as to any material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. In a recent case our supreme court summarized summary judgment law as follows:
Appellate review of the granting of a motion for summary judgment is de novo, using the identical criteria that govern the trial court’s consideration of whether summary judgment is appropriate. A motion for summary judgment is a procedural device used when | (¡there is no genuine issue of material fact. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to favorably accomplish these ends. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of *714 material fact, and the mover is entitled to judgment as a matter of law. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. [Citations omitted.]
King v. Illinois Nat. Ins. Co., 2008-1491, p. 6 (La.4/3/09), 9 So.3d 780, 784.
Summary judgments are now favored in the law and the rules should be liberally applied.
[[Image here]]
The mover bears the burden of proof; however, the mover need only to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim.... ” Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. [Citations omitted.]
Alexander v. Parish of St. John the Baptist, 09-840, pp. 6-7 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, 1003-1004, writ denied, 2010-1289 (La.9/17/10), 45 So.3d 1056.
In Dauzat v. Curnest Guillot Logging Inc., 2008-0528, pp. 4-5 (La.12/2/08), 995 So.2d 1184, 1186-1187, the plaintiff, a logging-truck driver, was injured when his truck hit a large hole in the logging road. He admitted he could have avoided the hole if he had seen it, and that it was sunny on the day of the accident and there was no standing water in the hole. He also admitted he knew the road was in bad condition. The trial court denied summary judgment and the court of appeal 17affirmed that decision. The supreme court, however, reversed those rulings and granted summary judgment. The court set out the applicable law as follows:
It is well-settled law that a landowner owes a duty to a plaintiff to discover any unreasonably dangerous conditions, and to either correct the condition or warn of its existence.
Nonetheless, we have recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner.
In determining whether a condition is unreasonably dangerous, courts have adopted a four-part test. This test requires consideration of: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs activities in terms of its social utility, or whether it is dangerous by nature. [Citations omitted.]
Dauzat v. Curnest Guillot Logging Inc., 2008-0528, pp. 4-5 (La.12/2/08), 995 So.2d 1184, 1186-1187. The court held,
Taken as a whole, this evidence establishes that plaintiff was aware of the condition of the logging road, having *715 traveled over it several times on the day of the accident. Moreover, the hole was not unusually large, as shown by plaintiffs testimony that he “never even thought twice about it” after he hit it. Under these circumstances, we must conclude that the presence of the hole in the logging road was an obvious danger which did not create a significant likelihood of injury.
Dauzat, 2008-0528 at p. 6, 995 So.2d at 1187.
laThis Court has made similar rulings in other “open and obvious hazard” cases. See, e.g., Stiebing v. Romero, 07-723 (La.App. 5 Cir. 12/27/07), 974 So.2d 752; Wallace v. Treasure Chest Casino, L.L.C., 05-484 (La.App. 5 Cir. 12/27/05), 920 So.2d 251; Trice v. Isaac, 99-839 (La.App. 5 Cir. 2/16/00), 759 So.2d 843, writ denied, 2000-1113 (La.6/2/00), 763 So.2d 600; Golan v. Covenant House of New Orleans, 96-1006 (La.App. 5 Cir. 5/14/97), 695 So.2d 1007; Mays v. Gretna Athletic Boosters, Inc., 95-717 (La.App. 5 Cir. 1/17/96), 668 So.2d 1207.
Applying these principles in our de novo review, we find no error in the trial court’s granting of summary judgment in this case. As both defendants have pointed out, not only did the plaintiff see the uncovered grate earlier in the day, but also the very purpose of his work crew’s presence at the site was to repair the open trenches in which the plumbing contractor had laid the pipework and drains for the new drainage system. Under the facts and circumstances, the defendants violated no duty to the plaintiff and cannot be held liable.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the plaintiff.

AFFIRMED.

. Fleming and its worker's compensation insurer, Gray Insurance Company, intervened to recover for worker’s compensation benefits paid to the plaintiff.