PAUL A. BONIN, Judge.
 

 LAs part of his employment duties with the Omni Royal Orleans Hotel, Roland Randall had removed a manhole cover in order- to read a water meter, which was located below a sidewalk next to the hotel. While he was recording the reading, an approaching pedestrian, Edgar Sierra Jimenez, fell into the uncovered manhole. Mr. Jimenez sued the hotel
 
 [1]
 
 for damages for
 
 *530
 
 failing to warn him of the uncovered manhole. The trial judge, finding that the uncovered manhole was “open and obvious” and that Mr. Jimenez was “100% at fault,” dismissed Mr. Jimenez’s suit with prejudice.
 

 Mr. Jimenez appeals the judgment and argues that the trial court was in error in failing to apportion some percentage of liability to those responsible for Mr. Randall’s actions. He argues that holding a plaintiff to be “100% at fault” (in the 12words of the trial court judgment) is in fact a return to the legislatively-abolished doctrine of contributory negligence.
 

 After our review of the trial court’s factual findings under the manifest error standard, we conclude that the trial court was not clearly wrong in finding that the open manhole was open and obvious to all and, under the circumstances, in deciding that the hotel, owing no duty to Mr. Jimenez, was not at fault. We, therefore, affirm the judgment and explain our decision in greater detail in the following parts.
 

 I
 

 In this Part we describe the historical facts.
 

 Water meters are located beneath the public sidewalk adjacent to the hotel. As part of his daily employment duties, Mr. Randall in the daytime would remove the manhole covering on a water meter, lay it next to the opening on the sidewalk, stoop down to read the meter, rise and record the reading, and replace the cover. Mr. Randall would not place cones or barricades around the openings while he was engaged in reading a meter. Until Mr. Jimenez’s fall Mr. Randall’s meter readings had been uneventful.
 

 Mr. Jimenez, an employee of a nearby restaurant, parked his car across the street from the hotel and was walking toward Mr. Randall. His purpose, he said, was to inquire of Mr. Randall whether the parking-control agents were ticketing that day. He thought Mr. Randall, who was uniformed and writing on a pad, might be one of the agents. Mr. Jimenez claims that Mr. Randall was standing next to the | shotel, but Mr. Randall stated he was stooped down as Mr. Jimenez first approached. As he approached, Mr. Jimenez began to speak to Mr. Randall and they made eye contact, but Mr. Randall did not respond to Mr. Jimenez and continued his reading or recording.
 

 Then Mr. Jimenez accidentally stepped into the uncovered manhole. He managed to get himself out and sat on the street curb briefly. He then returned to his car, took out his camera, and began to photograph the scene. The photographs, taken from the perspective of Mr. Jimenez’s approach crossing the street toward the sidewalk, clearly show the manhole cover astride the sidewalk and the open manhole. When compared to later photographs which showed the manhole covered, the earlier photographs reveal that the uncovered manhole was open and obvious to all.
 

 When questioned why he did not warn Mr. Jimenez of the uncovered hole, Mr. Randall explained that the open manhole was visible, that Mr. Jimenez actually saw him looking down into the hole, and that Mr. Jimenez actually saw him reading the meter. But, according to Mr. Jimenez, because there were no yellow cones around the opening and because the opening was “in a curve, and indentation,” he just did not see it; he was looking at Mr. Randall. Mr. Jimenez conceded that the open manhole was clearly visible in his photographs. But he insisted that the open manhole was not obvious to him at the time he fell in it.
 

 
 *531
 
 II
 

 In this Part we consider the trial judge’s findings, as expressed in her written reasons. We then review those findings under the manifest error standard of review. The trial judge’s explicit factual finding that the uncovered manhole was open and obvious, and her implicit factual findings that the uncovered manhole was open and obvious
 
 to all
 
 and, on that account, the hotel did not create an
 
 unreasonable
 
 risk of harm, result in the legally correct conclusion that
 
 in this case
 
 the hotel owed no duty to warn Mr. Jimenez of the uncovered manhole. The hotel-defendants, therefore, are not at fault for Mr. Jimenez’s injuries and damages.
 

 The trial judge summarized her findings in her Reasons for Judgment:
 

 The manhole that the plaintiff claims to have fallen into was
 
 open and obvi-
 
 ous_ Mr. Randall never left the open manhole unattended.... the plaintiff could and should have seen the engineer on his knees taking the meter reading as well as the meter cover itself on the sidewalk.... Falling into an open manhole during the day under the above described conditions makes the plaintiff 100% at fault, (emphasis added)
 

 This finding, which characterizes Mr. Jimenez’s fault as 100%, seems to be the source of Mr. Jimenez’s concern and his appeal to us. He argues that the trial court’s ruling is a disguise for the application of the now-abolished doctrine of contributory negligence, which barred an award of damages to a plaintiff who shares fault with a defendant.
 
 [2]
 
 Professors Ma-raist and Galligan have addressed this perception: “While the ‘open and obvious’ argument suggests a disguised ^application of contributory negligence or assumption of the risk, when the risk is open and obvious to everyone, the probability of injury is low and the risk may be outweighed by the thing’s utility.” Frank L. Maraist & Thomas C. Galligan,
 
 Louisiana Tort Law
 
 § 14-3 (1996). They continue that “[cjonsequently, when the risk is open and obvious, the thing may not be unreasonably dangerous, or, after the amendments [of 1996 to Louisiana tort law], the defendant may not have failed to exercise reasonable care.” These comments help us mark the path in our ensuing discussion (in Part IV, post) to dispel the notion that the trial court’s holding is contributory negligence in disguise.
 

 A
 

 Central to the problem presented in this case is the resolution or disposition of the trial court’s finding of
 
 fact
 
 that the uncovered manhole was open and obvious. Like all factual findings, we review a finding of “open and obvious” under the manifest error-clearly wrong standard, which standard is well-known.
 
 Nolan v. Mabray,
 
 10-0373, p. 10 (La.11/30/10), 51 So.3d 665, 672;
 
 Arceneaux v. Domingue,
 
 365 So.2d 1330, 1333 (La.1979);
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989);
 
 Burns v. CLK Investments V, L.L.C.,
 
 10-277, p. 18 (La.App. 4 Cir. 9/1/10), 45 So.3d 1152, 1163. “The issue to be resolved by a reviewing court is whether the fact-finder’s conclusion was reasonable.”
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882 (La.1993). And “[i]t is well settled that a trial court’s findings of fact will not be disturbed unless
 
 *532
 
 the record establishes that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly erroneous.”
 
 Syne v. Schilhab,
 
 96-1027 (La.5/20/97), 693 So.2d 1173, 1176.
 

 In this case, the trial judge had the opportunity to observe the demeanor and assess the credibility of witnesses, review evidence, and make a factual determination as to the course of actions from which the injury arose.
 
 See Rosell,
 
 549 So.2d at 844. The trial judge evaluated the conduct of both actors (Mr. Jimenez and Mr. Randall) under the circumstances, and along with the other evidence, which included photographs of the scene and the manhole, found that the uncovered manhole was open and obvious. “Where two permissible views of the evidence exist, the fact-finder’s choice between them cannot be manifestly erroneous or clearly wrong.”
 
 Stobart,
 
 617 So.2d at 882-83;
 
 Burns,
 
 10-0277, p. 20, 45 So.3d at 1164. While Mr. Jimenez insisted that the uncovered manhole was not open and obvious
 
 to him,
 
 the fact-finder had available the contradictory testimony of Mr. Randall and the photographs taken by Mr. Jimenez. The trial judge as a fact-finder was not clearly wrong in her reasonable finding that the uncovered manhole was open and obvious. Moreover, in rejecting Mr. Jimenez’s claim that the uncovered manhole was not open and obvious to him, the trial judge implicitly concluded, and reasonably so, that the uncovered manhole was open and obvious
 
 to all.
 

 B
 

 Mr. Jimenez casts his claim against the hotel for a failure to warn. “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” La. Civil Code Art. 2315. And, of course, that the hotel as the employer of Mr. Randall is responsible for his failure to warn.
 
 See
 
 La. Civil Code Art. 2320 (“employers are answerable for the damage occasioned by them servants and overseers in the exercise of the functions in which they are employed”). A claim for damages for negligence, such as the failure to warn, is analyzed under a duty-risk construct.
 
 See Posecai v. Wal-Mart Stores, Inc.,
 
 99-1222, p. 4 (La.11/30/99), 752 So.2d 762, 765. A plaintiff, such as Mr. Jimenez, must prove that (1) that Mr. Randall’s conduct was the “cause-in-fact” of the resulting harm to him, (2) that the hotel or Mr. Randall owed a duty of care to him, (3) that the requisite duty was breached, and (4) the risk of harm was within the scope of the protection afforded by the duty.
 
 Id.
 
 “[A]ll four inquiries must be affirmatively answered for plaintiff to recover.”
 
 Id.
 

 We focus on the second element: the duty of care, in particular whether the hotel or its employee had a duty to Mr. Jimenez, and in this case a duty to warn him. “Whether a duty is owed is a question of law; whether defendant has breached a duty is a question of fact.”
 
 Brewer v. J.B. Hunt Transport, Inc.,
 
 09-1408, p. 14 (La.3/16/10), 35 So.3d 230, 240.
 

 A key to the answer to that question in any negligence (and even the so-called strict liability action) is whether a person, thing, or condition creates or constitutes an
 
 unreasonable
 
 risk of harm.
 
 See Smolinski v. Taulli,
 
 276 So.2d 286, 288 (La.1973);
 
 Hunt v. City Stores, Inc.,
 
 387 So.2d 585, 588 (La.1980);
 
 Oster v. Dep’t of Transp. And Dev., State of Louisiana,
 
 582 So.2d 1285, 1288 (La.1991); and
 
 Burns,
 
 10-0277, p. 8, 45 So.3d at 1158. Because that determination is so factjintensive,8 it too is primarily entrusted to the fact-finder.
 
 Stobart,
 
 617 So.2d at 882-83.
 
 See also Reed v. Wal-Mart Stores, Inc.,
 
 97-1174, p. 5 (La.3/4/98), 708 So.2d 362, 365 (“The trial court’s finding of whether a defect creates
 
 *533
 
 an unreasonable risk of harm is subject to a manifest error standard of review.”)
 

 A factual finding that the uncovered manhole is open and obvious leads the fact-finder to an evaluation of whether an open and obvious uncovered manhole presents an unreasonable risk of harm.
 
 See Burns,
 
 10-0277, p. 19, 45 So.3d at 1163-64. And a fact-finder
 
 may
 
 conclude that an open and obvious condition does not present an unreasonable risk of harm.
 
 Id.
 

 [3]
 

 (Or the fact-finder
 
 may
 
 conclude that the condition does present an unreasonable risk of harm.
 
 See DeStevens v. Harsco Corp.,
 
 94-1183 (La.App. 4 Cir. 3/16/95), 652 So.2d 1054;
 
 see also
 
 discussion,
 
 post,
 
 at Part III.) But, generally speaking, “[t]he original fact finder, viewing live testimony and evidence, is best positioned to make a determination so heavily laden with factual issues.”
 
 Reed,
 
 97-1174, p. 4, 708 So.2d at 364-65. Because the determination of whether a condition presents an unreasonable risk of harm is fact-intensive followed by the application of a less-than-seientific standard, “a reviewing court is in no better position to make the determination than the jury or trial court. Consequently, the findings of the jury or trial court should be accorded deference.”
 
 Id. See also Burns,
 
 10-0277, pp. 16-18, 45 So.3d at 1162-63.
 

 The precept is derived from the notion that “a potentially dangerous condition that should be
 
 obvious
 
 to all comers is not, in all instances, unreasonably dangerous.”
 
 Socorro v. City of New Orleans,
 
 579 So.2d 931, 941 (La.1991).
 

 Recently, the Louisiana Supreme Court again applied this analysis to decide that an open and obvious condition created by a defendant did not constitute an unreasonable risk of harm to an elderly visitor, and thus there being no duty to the visitor, the defendant was not liable for the harm.
 
 Pryor v. Iberia Parish School Board,
 
 10C-1683 (La.3/15/11), 60 So.3d 594. The plaintiff, walking with an abnormal gait, using a cane, and recovering from total left hip replacement, chose to sit in the regular spectator bleachers to view a high-school football game in defendant’s stadium.
 
 Id.
 
 p. 3, 60 So.3d at 596. Rather than sit in a section built to accommodate the handicapped viewers, she ascended the regular steps with a relative’s assistance.
 
 Id.
 
 p. 1, 60 So.3d at 594. Later, when descending, she fell.
 
 Id.
 
 Overruling the intermediate court and reinstating the trial court’s judgment, the Supreme Court stated that it has “recognized that defendants generally have no duty to protect against an open and obvious hazard.”
 
 Id.
 
 p. 2, 60 So.3d at 596. “If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff.”
 
 Id.
 
 The
 
 Pryor
 
 Court emphasized that “[i]t is the court’s obligation to decide which risks are unreasonable based upon the facts and circumstances of each case.”
 
 Id.
 

 This confirmed the Louisiana Supreme Court’s approach in
 
 Eisenhardt v. Snook.
 
 There, reversing the appellate court’s ruling and reinstating the trial court’s judgment, the Supreme Court found that Mr.
 
 *534
 
 Eisenhardt should have seen the water on Ms. Snook’s steps and known that there was a hazard.
 
 See Eisenhardt v.
 

 Snook,
 
 08-1287, p. 7 (La.3/17/09), 8 So.3d at 541, 545. A trash bag burst while the defendant was carrying out her garbage.
 
 Id.,
 
 08-1287, p. 1, 8 So.3d at 542. In order to clean the mess, the defendant hosed down her cement front steps.
 
 Id.
 
 Not long afterward, the plaintiff, exiting the house with one hand holding a soda and the other hand holding his wallet, slipped on the wet steps.
 
 Id.,
 
 08-1287, p. 2, 8 So.3d at 542. The Supreme Court stated: “[I]t was obvious that the district court made a finding that Ms. Snook was not liable for Mr. Eisenhardt’s injuries because the condition of the steps should have been observed by Mr. Eisenhardt in the exercise of reasonable care.”
 
 Id.,
 
 08-1287, p. 7, 8 So.3d at 545.
 

 An uncovered manhole is unquestionably potentially dangerous. But when it is open and obvious to all, a fact-finder
 
 may
 
 determine that it does not present an unreasonable risk of harm. If the fact-finder does so determine that the risk is not unreasonable, we as an intermediate appellate court owe that finding deference. And if it is a reasonable finding and not clearly wrong, then
 
 as a matter of law,
 
 the defendant owed no duty to the injured plaintiff and is not liable to the plaintiff.
 

 After a review of the entire record evidence, we conclude that the trial judge’s factual findings are reasonable and not clearly wrong. In the manner in which the hotel employee was attending to the water meter at the time Mr. Jimenez (unexplainedly) stepped into the open and obviously uncovered manhole, we cannot find that the hotel or its employee created an unreasonable risk of harm. Because the risk of harm was not unreasonable, the Omni Royal Orleans Hotel and its employee, Mr. Randall, had no duty to warn Mr. Jimenez. Not having violated any duty to Mr. Jimenez, the hotel is without any fault in causing Mr. Jimenez’s injuries.
 

 III
 

 In this Part we simply acknowledge Mr. Jimenez’s argument that there are court decisions which may impose liability on a defendant for “open and obvious” conditions which a fact-finder decides created an unreasonable risk of harm. These decisions, however, do not cast doubt upon the trial court’s findings or upon our decision to affirm the trial court in this matter.
 

 Mr. Jimenez points to some decisions which reached a different result and imposed liability because the condition of the manhole was not visible.
 
 See, e.g., Dede v. Tip’s Development, L.L.C.,
 
 09-0199, p. 5 (La.App. 4 Cir. 7/1/09), 16 So.3d 526, 530.
 

 Mr. Jimenez also quite correctly contends that several cases have held open manhole covers to be unreasonably dangerous.
 
 See, e.g., Charles v. Sewerage and Water Bd. of New Orleans,
 
 331 So.2d 216 (La.App. 4 Cir.1976);
 
 State Farm Mut. Auto. Ins. Co. v. South Central Bell Tel. Co.,
 
 359 So.2d 1318 (La.App. 4 Cir.1978);
 
 Girvan v. New Orleans Public Service Inc.,
 
 94-0681 (La.App. 4 Cir. 11/30/94), 646 So.2d 481;
 
 Jones v. Sewerage and Water Bd. of New Orleans,
 
 430 So.2d 1063 (La.App. 4 Cir.1983). In each of these cases, for example, the manhole cover had been off for a period of time far longer than the immediacy of the scenario at bar, and in none of the cases was the subsurface meter within the hole in the process of actually being read at the time the plaintiff fell into the manhole.
 

 There are other decisions which suggest that simply because a condition may be open and obvious it does not
 
 necessarily
 
 result in a consequential finding that the defendant did not create an unreasonable risk of harm. Thus, the Louisiana Su
 
 *535
 
 preme Court, while acknowledging the dangerousness of bundled electric cables | ^placed in a pedestrian passageway at the Chalmette Crawfish Festival as well as a pedestrian’s duty to observe conditions as obvious to a visitor as to a landowner, found that case-specific factual issues precluded summary judgment.
 
 See Hutchinson v. Knights of Columbus, Council No. 5747,
 
 03-1583, p. 9 (La.2/20/03), 866 So.2d 228, 235.
 
 [4]
 

 See also Warren v. Kenny,
 
 10-1580 (La.App. 4 Cir. 4/27/11) 64 So.3d 841 (in which we reversed the trial court’s summary judgment dismissing a tenant’s claims against her landlord whose ladder and railings giving access to laundry equipment were held to be open and obvious; we remanded because of genuine issues of material fact, observing that at trial a “substantial” portion of fault might be attributed to the tenant who chose to use that laundry equipment, knowing it was in a precarious situation, i.e., “an open and obvious danger”).
 

 Finally, Mr. Jimenez cites
 
 DeStevens, supra;
 
 it is not apposite.
 
 DeStevens
 
 reversed a summary judgment involving an overhead power line. But, even as we noted in Part II-B,
 
 ante,
 
 we agree that there the openness and obviousness of a specific danger is a question of fact which may or may not lead a fact-finder to a conclusion that the defendant has created an unreasonable risk of harm.
 

 In conclusion, none of these fact-specific decisions detracts from our conclusion, and the conclusion of the trial judge in this case, that the uncovered | ^manhole in this case under these circumstances did not create an unreasonable risk of harm.
 

 IV
 

 In this Part we turn briefly to specially address Mr. Jimenez’s concern that the trial judge’s attribution of “100% fault” to him was a disguise for barring his recovery due to his contributory negligence.
 

 We first observe that there are several cases, like this one, in which the fact-finder expressed in a shorthand manner that the defendant was not at fault by finding the plaintiff “100% at fault.”
 
 See Eisenhardt,
 
 08-1287, p. 7, 8 So.3d at 545;
 
 McCloud v. Housing Authority of New Orleans,
 
 08-0094, p. 5 (La.App. 4 Cir. 6/11/08), 987 So.2d 360, 363;
 
 Sanford v. City of New Orleans,
 
 03-0883, p. 5 (La.App. 4 Cir. 1/21/04), 866 So.2d 882, 886;
 
 Seal v. State Farm Fire & Cas. Co.,
 
 00-2375, p. 11 (La.App. 4 Cir. 3/20/02), 816 So.2d 868, 875.
 

 Under La. Civil Code art. 2323, however, there is no need to quantify a plaintiffs fault except for the purposes of
 
 reducing
 
 the amount of his damages. But reduction only occurs when the plaintiff suffers injury “as the result
 
 partly
 
 of his own negligence and
 
 partly
 
 as a result of the
 
 fault
 
 of another person or persons.” La. Civil Code ART. 2323 (emphasis added). Thus, if no defendant is at fault, there does not need to be an assessment of the plaintiffs fault or a quantification of his fault, and ordinarily there will not be.
 
 See
 
 La. C.C.P. arts. 1812 C and 1917 B. In other
 
 *536
 
 words, even though legislatively Louisiana has a pure comparative fault regime, there is no theoretical or practical reason to quantify a plaintiffs fault when there is no fault on the part of any defendant.
 

 There is admittedly criticism of a jurisprudential doctrine which focuses on the duty element (question for the court) as opposed to the breach of duty element | u(question for the fact-finder) in order to deny rather than to reduce recovery to a plaintiff who is at fault “based on a notion that there are plaintiffs who do such foolish things or create such risks that it is not fair for them to recover.” Frank L. Ma-raist, H. Alston Johnson, III, Thomas C. Galligan, Jr., and William R. Corbett,
 
 Answering a Fool According to His Folly: Ruminations on Comparative Fault Thirty Years On,
 
 70 La. L.Rev. 1105, 1134 (2010). The charge, similar to Mr. Jimenez’s in this case, is that “the courts are engaged in creating replacements for the old recovery-barring defenses of contributory negligence and assumption of the risk.”
 
 Id.
 
 But, it cannot be overlooked that by focusing on duty and not on victim-fault, as we discussed in Part III,
 
 ante,
 
 not every plaintiff who may be partly at fault is denied recovery which was not the law under contributory negligence and assumption of the risk regimes.
 
 [5]
 

 Here, quite simply, the hotel had no duty to warn Mr. Jimenez and, consequently, is not liable to him. That is why Article 2323 is not applied in this case. And, more importantly, that is why Mr. Jimenez’s recovery is barred — not because of any contributing fault on his part.
 

 DECREE
 

 We affirm the trial court’s judgment in favor of Omni Hotels Management Corporation d/b/a/ Omni Royal Orleans Hotel and Omni Hotels Corporation, and against Edgar Sierra Jimenez, dismissing his suit with prejudice. Each party is to bear its own cost on appeal.
 
 See
 
 La. C.C.P. ART. 2164.
 

 AFFIRMED
 

 [1]
 

 . The named defendants are Omni Royal Orleans Hotel, Omni Hotels Management Cor
 
 *530
 
 poration, Omni Hotels, and Julie Noto.
 

 [2]
 

 .
 
 See
 
 La. Civil Code art. 2323;
 
 see also Murray v. Ramada Inns, Inc.,
 
 521 So.2d 1123, 1132 (La.2/29/88) ("In 1979, the Louisiana Civil Code article 2323 was rewritten to eliminate the judicially created rule that contributory negligence was a complete bar to the plaintiffs recovery, and to substitute a procedure by which any negligence on the part of the plaintiff would operate as a percentage reduction of his recovery”).
 

 [3]
 

 .
 
 See also Fluence v. Marshall Bros. Lincoln-Mercury, Inc.,
 
 10-0482, p. 8 (La.App. 5 Cir. 11/23/10), 54 So.3d 711, 715, and numerous cases cited therein;
 
 Trujillo
 
 v.
 
 Duhe,
 
 06-2030, p. 3 (La.App. 1 Cir. 8/29/07), 2007 WL 2429364 (not reported in So.2d);
 
 Ardoin v. Lewisburg Water System,
 
 07-0180, p. 4 (La.App. 3 Cir. 7/18/07), 963 So.2d 1049, 1052;
 
 Wiley v. Sanders,
 
 37,077 (La.App. 2 Cir. 6/13/03), 850 So.2d 771, 777 (finding a pond on landowner’s property to be an open and obvious danger so that the landowner breached no duty to decedent Wiley, who "should have observed that he could drown in a pond filled with water").
 

 [4]
 

 . The fifth circuit in
 
 Fluence,
 
 10-482, p. 8, 54 So.3d at 715, applied the
 
 Hutchinson
 
 principles, and affirmed summary judgment dismissing the plaintiff’s suit against the landowner who had
 

 no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff ... A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner.
 

 Id.,
 
 10-482, p. 7, 54 So.3d at 714.
 

 [5]
 

 .
 
 See
 
 n.
 
 2, ante.