PAUL A. BONIN, Judge.
hHyecha Marshall, along with her husband, Loyal, sued the Jazz Casino Company, L.L.C., for injuries she sustained from falling down its escalator. Ms. Marshall, a frequent patron of the casino, was using what has been described as a “small wheelchair” furnished to her by. the casino; she often used this same wheelchair as a walker and as a cart for her belongings. Alone and having traversed an underground tunnel connecting her hotel to the casino, she discovered that the elevator was out of service. She then approached the escalator and, holding onto the wheelchair as a walker, stepped onto the escalator. At some point in the escalator’s ascension, Ms. Marshall lost her balance, and she fell to the floor. Not long after, the wheelchair too tumbled down the escalator and fell onto her.
The casino re-filed a motion for summary judgment. One basis for its motion was that Ms. Marshall had not shown the existence of an unreasonably dangerous condition in the casino which caused her accident. The casino also asserted that it had no duty to warn Ms. Marshall about her use of its wheelchair as a walker on its escalator because the risk of injury due to such use is obvious and |2apparent to everyone who may potentially encounter it. Finding that Ms. Marshall was unable to, bear her burden to establish that the casino owed her a duty, which is an essential element of her negligence action, the trial judge granted summary judgment and dismissed the Marshalls’ case with prejudice. They have appealed.
We, following our de novo review, conclude that on the record before us, the casino has failed to provide sufficient evidence to meet its burden of proof. Appellate review of a summary judgment ruling does not extend beyond the field of evidence properly subject to our consideration and we must assume that the lower court rested its determination on a likewise deficient record. We find, therefore, that the trial judge was incorrect as a matter of law in finding that the casino owed Ms. Marshall no duty to warn her. Accordingly, we reverse the judgment and remand this matter to the district court for further proceedings. We explain our decision below.
I
A
We begin our explanation in agreement with the casino’s legal proposition that “a defendant generally does not have a duty to protect against that which is obvious and apparent.” Bufkin v. Felipe’s Louisiana, LLC, 14-0288, p. 7 (La. 10/15/14), 171 So.3d 851, 856. And, “[i]n order for an alleged hazard to be considered obvious and apparent, [the supreme] court has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it.” Id. (emphasis added).
Whether a defendant, here the casino, owed the plaintiff, here Ms. Marshall, a duty is not only a threshold issue in the negligence action but is also importantly a question of law. See Bufkin, p. 5, 171 So.3d at 855. And, on that account, when |s“the condition encountered is obvious and apparent to all and not unreasonably dangerous,” summary judgment is not precluded. Id., p. 12, 171 So.3d at 859, n. 3; Allen v. Lockwood, 14-1724 (La.2/13/15), 156 So.3d 650, 653 (per curiam).
B
But even so, within the schema of a motion for summary judgment in a negligence action, there is no doubt that the casino bears the burden of proof to point out to the trial judge that there is no *319 factual support for an essential element in the Marshalls’ ease. See-La. C.C.P. art. 966 C(2) (2015).[1] The motion should .be granted if the pleadings, depositions, answers to interrogatories, and .admissions on file, together with the affidavits, if any, show that there exists no genuine issue of material fact and that the casino is entitled to summary judgment as a matter of law. See La. C.C.P. art. 966 B (2015).[2]
Thereafter, .if the Marshalls fail to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden at trial, then there is no genuine issue of material fact and summary judgment should be granted. See id. If the movant does not properly support its motion, however, then the burden does not' shift to the opponent and summary judgment should be denied. See, e.g., Coates v. Anco Insulations, Inc., 00-1331, p. 8 (La.App. 4 Cir. 3/21/01), 786 So.2d 749, 754-55. Importantly, on our de novo review, we employ the same criteria that the trial judge utilized in consideration of whether summary judgment is appropriate. See Hooper v. Brown, 15-0339, p. 6 (La.App. 4 Cir. 5/22/15), 171 So.3d 995, 999, writ den., 15-1194 (La.8/28/15), 175 So.3d 397.
|4To aid the trier-of-fact, and now us, in determining the correctness of the summary judgment ruling in a negligence action, the Louisiana Supreme Court has adopted a risk-utility analysis, with emphasis on four pertinent factors: 1) the utility of the complained-of condition; 2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; 3) the cost of preventing the harm; and 4) the nature of the plaintiffs activities in. terms of its social utility or ■whether-it is dangerous by nature. See Broussard v. State ex rel. Office of State Bldgs., 12-1238, p. 10 (La.4/5/13), 113 So.3d 175, 184; Hooper, 15-0339, p. 8, 171 So.3d at 1000-01.
II
We next synthesize the pertinent facts presented by the parties to the trial judge.
.The Marshalls are frequent visitors to the casino. As a result of a previous accident, Ms. Marshall had, at one time, required a wheelchair, which was provided to her by the casino. She apparently grew accustomed to the wheelchair, and so upon recovering her ability to walk, she used the wheelchair as a walker, storing her possessions in the seat. Ms. Marshall preferred this style of wheelchair because it was “small” and so the casino consistently reserved it or a similarly sized wheelchair for her.
On the' morning of the incident, Ms. Marshall set out for the casino from her hotel to meet her husband for breakfast. Because she was using the wheelchair as a walker, she did not cross the street above-ground, as she testified she never did so without her husband present to assist her. Instead, she took an elevator from her hotel down to an underground tunnel and walked the length of the tunnel where she encountered the out-of-order elevator, which in working condition would | fiascend directly to the casino. Upon realizing the elevator was not in service, Ms. Marshall decided to take the escalator, the only alternative means of accessing the casino at that end of the tunnel. At some point during her ascension on the escalator, Ms. Marshall lost her balance and fell back *320 wards, tumbling to the bottom. The wheelchair-shortly afterwards, also fell to' the bottom,- landing on top of her.
There are no contentions that either the wheelchair or the escalator was defective.
The parties do disagree, however, on whether Ms. Marshall had specifically asked for the wheelchair during this particular visit, or whether the casino provided it to her without request. The parties also dispute what specifically caused Ms. Marshall to lose her balance. Apparently, there is (or was at one time) a surveillance video of the incident, but it was not submitted into the record.
We take note that neither party disputes that Ms. Marshall was using a wheelchair as a walker at the time of the incident, although it is sometimes referred to as just a “walker” throughout the pleadings. We especially observe, however, that although the apparatus is described as “small,” no photograph of the chair was submitted, either at the trial court level or to us.
Ill
In this Part, we determine the correctness of the trial judge’s ruling which granted, the casino’s motion for summary judgment.
A
Ms. Marshall’s negligence claim against the casino is framed as a duty to warn, based upon the casino’s issuance of a wheelchair-as-walker while failing to maintain safe premises for its use.
| ^Generally, negligence claims are analyzed under a duty-risk formulation. See Jimenez v. Omni Royal Orleans Hotel, 10-1647, p. 7 (La.App. 4 Cir. 6/18/11), 66 So.3d 528, 532. Ms. Marshall, as the plaintiff, must therefore prove that 1) the casino’s conduct was the “cause-in-fact” of the resulting harm to her, 2) that the casino owed a duty of care to her, 3) that the requisite duty was breached, and 4) the risk of harm was within the scope of the protection afforded by the duty. See id. All four elements must be satisfied for Ms. Marshall to recover. See id.
The casino’s motion for summary judgment focused primarily on the first and second elements, namely, that no condition existed in the casino which was the cause-in-fact of her injuries and that the' risk of ascending an escalator while holding onto a wheelchair is “open and obvious,” thus precluding any duty to warn.
B
As noted .previously, the casino bears the burden of proof on summary judgment to shqw that no genuine issues of material fact exist. And, we find upon this record that the casino has failed, to establish a prima facie case by providing sufficient facts for us to conclude as a matter of law that summary judgment was appropriate in this case. We need not, therefore, address whether the Marshalls properly rebutted the casino’s motion. See generally Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533, pp. 6-9 (La.2/20/04), 866 So.2d 228, 233-34 (motion for summary judgment must be “properly supported” before burden shifts to opponent).
1
First, the evidence before us reveals a genuine issue of fact concerning the mechanics of Ms. Marshall’s fall. The casino argues that the sole causé of the |7accident was that Ms. Marshall held onto . the wheelchair rather than the escalator handrail. During her deposition testimony, Ms. Marshall did admit that she was not holding the handrail. In response to a question from opposing counsel, however, Ms. Marshall testified to the accuracy of a *321 guest incident report, wherein she allegedly stated that the wheelchair caught on the escalator, causing her to fall. We note that the guest incident report is not included in the record.
Thus the casino has not factually established whether Ms. Marshall fell backwards due to her failure to hold the handrail, or because the wheelchair caught on the escalator. Because Ms.. Marshall was the only witness to the accident, resolution of the causal issue will largely depend on how a fact-finder credits her testimony. A' trial judge, however, cannot make credibility determinations on a motion for summary judgment. See Hutchinson v, 03-1533, p. 8, 866 So,2d at 234. We emphasize again that summary judgment should be granted only if “there is no genuine issue of material fact,” and that the “mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B(2) (2015). The credibility of a witness is a question of fact. See Hutchinson, v, 03-1533, p. 8, 866 So.2d at 234 (citing Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973)).
The casino also failed to establish whether the weight or- size of the wheelchair contributed to Ms. Marshall’s fall. The wheelchair-cM-m-walker is consistently described as “small,” but as previously noted the casino did not produce a photograph of the chair nor. its measurements in the record. When asked if she thought it safe to take the wheelchair onto the escalator, Ms. Marshall replied ‘Yes,” having previously explained that the wheelchair is “like a walker.” Furthermore, both parties admit to the existence of a surveillance video of the incident. But, again, the video has not been introduced into the record. Being | sfactually-deprived of evidence central to the issue of causation, we cannot say that the casino carried its burden on this point.
2
Second, we are not satisfied upon this factual record that riding up an escalator holding onto a “small wheelchair” is a risk of harm immediately apparent to all who encounter such a condition. See Broussard, 12-1238, p. 17, 113 So.3d at 188 (“[I]n order to-be open and obvious, the risk of-harm should be apparent to all who encounter the dangerous condition.”). The ambiguity with regard to the size and weight of the -wheelchair factors into not only the cause determination, but also into the issue of whether the danger was objectively open and obvious.
We also observe that there are no pictures of the escalator. For instance, if the escalator steps are wide and the wheelchair narrow and light, it may not be unreasonable to- attempt to do what Ms. Marshall did; “The degree to which a danger may be observed by a potential victim is one factor in the determination of whethér the condition is unreasonably dangerous.” Dauzat v. Curnest Guillot Logging Inc., 08-0528, p. 4 (La.12/2/08), 995 So.2d 1184, 1186. Without photographic or video evidence, we are left to imagine a range of “small-wheelchair-on-escalator” scenarios along a continuum of objective dangerousness. We therefore cannot visualize with any certainty that Ms. Marshall was engaging in an open and obvious risk. Cf. Jimenez, 10-1647, p. 8, 66 So.3d at 533 (in “fact-intensive” determination of whether condition presents unreasonable risk of harm, photographs of open manhole in street clearly showed an open and obvious danger).
 Further, we note that Ms. Marshall was using the escalator in a manner consistent with its intended purpose — to transport people to the casino. Despite Inappellee’s contention, and without any facts to show otherwise, there is no evi■dence that Ms. Marshall engaged in any *322 kind of inherently dangerous activity by riding on an escalator. See generally Brown v. Sears, Roebuck and Co., 514 So.2d 439, 445 (La.1987) (Escalators are “not unreasonably dangerous ‘per se’” _); Hunt v. City Stores, Inc., 387 So.2d 585, 587 (La.1980) (in negligence action, no evidence that child injured on escalator was “misbehaving or that he deliberately wedged his foot in the machine.”). Whether a plaintiff is engaging in conduct that is inherently dangerous, rather than engaging in ordinarily harmless behavior, is one important consideration in whether a condition is unreasonably dangerous. See, e.g., Broussard, 12-1238, p. 21, 113 So.3d at 191 (delivering office supplies is not inherently dangerous activity); Dauzat, 08-0528, p. 5, 995 So.2d at 1187 (job of a logging truck driver is “dangerous by nature”). See also Hooper, 15-0339, 171 So.3d 995 (plaintiff walking on porch when injured); cf. Ludlow v. Crescent City Connection Marine Div., 14-1359, p. 7 (La.App. 4 Cir. 9/23/15) (unpub’d), 2015 WL 5609999 (plaintiff fell after sitting on concrete barrier which was not intended for sitting) (Bonin, J., dissenting), rev’d, 15-1808 (La.11/16/15), 184 So.3d 21.
“[W]hether a defect presents an unreasonable risk of harm is a matter wed to the facts and must be determined in light of facts and circumstances of each particular case.” Broussard, 12-1238, p. 9, 113 So.3d 175, 183 (internal quotation marks and citation omitted). We find that, on the basis of the record before us, the casino has not established a sufficient field of evidence for us to conclude that there are no genuine issues of material fact, especially in light of the ambiguities as to causation and the openness and obviousness of the risk. See generally Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751 |1ft(an issue is “genuine” if reasonable persons could disagree when presented with the evidence). Accordingly, we cannot say as a matter of law that Ms. Marshall is not entitled to present her case in the trial court.
DECREE
The ruling granting summary judgment in favor of Jazz Casino Company, L.L.C., and dismissing with prejudice Hyecha and Loyal Marshall’s lawsuit is reversed. The matter is remanded for further proceedings.
REVERSED AND REMANDED

. This is how the section read at the time of the summary judgment hearing. The statute was amended by 2015 La. Acts 422; effective January 1, 2016.

. This section has also been amended. See n. 1, ante.